## JULIUS LAUSTER, ADM'R,

### V.

## THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*Personal Injuries—Peremptory Instruction for Defendant—When Justified.*

In an action against a railway company to recover damages for the death of a person, alleged to have been caused by defendant's negligence, where there is absolutely no evidence to show that deceased was in the exercise of due care at and just before the accident which caused his death, a peremptory instruction for the jury to find for the defendant is proper.

### [Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

Messrs. WALKER & EDDY, for appellee.

GARY, J. On the afternoon of the 9th day of May, 1882, Christof Zilly, residing at Turner Park, a station on the road of the appellee, a few miles northwest of the business center of Chicago, was seen in the city at about six o'clock; nothing more is known of him, until at about half past nine o'clock of that evening, he was found upon the pilot of an outward bound locomotive of the appellee, unconscious from injuries, of which two days later he died. There is no doubt that he was driving a one horse wagon toward his home on what is called the Whiskey Point Road, a road which for a very considerable distance runs nearly parallel with the track of the appellee, and crosses it at a very acute angle, nearly a mile before Turner Park is reached.

This action is brought by the administrator against the railway for causing the death of Zilly. The claim of the appel-

lant is, that in approaching the crossing, no bell was rung or whistle blown on the locomotive, and that Zilly was struck at the crossing; the appellee asserts that Zilly reached the crossing first, and did not follow the Whiskey Point Road from the crossing of the track, but drove along the track, and the locomotive overtook him, without any opportunity for the engineer to avoid the casualty after he discovered that something was on the track.    However unsatisfactory may be. the testimony tending to show that the collision occurred at the crossing, if the case turned upon that issue, it should have been left to the jury.    But for two years Zilly had resided at Turner Park, coming into the city twice each week or oftener, always driving upon the Whiskey Point Road.    Every rod of the way must have been as familiar to him as his own door yard, and with the highway and the railway track so nearly parallel, though approaching each other (being but two hundred and twenty-two feet apart half a mile east of the crossing), it seems impossible that Zilly could have been giving any attention to the surrounding circumstances, if, in fact, he was struck at the crossing, whether any bell was rung or whistle blown or not.    No witness saw him at the crossing; the nearest witness of the appellant was twenty-five hundred feet away; in the darkness all that they could see was the headlight.

The conduct of Zilly at the time of, and immediately before, the collision, is therefore not susceptible of proof, and it must be inferred.    The propriety of a peremptory instruction to find for the defendant, in a case where the evidence is wholly insufficient to support a verdict for the plaintiff, is not questioned by the appellant, and has been often affirmed by the Supreme Court.    In our judgment this is such a case, and the Circuit Court properly gave this instruction:

"The jury are instructed as a matter of law, that before the plaintiff can recover in this action, it must appear by a preponderance of the evidence in this case that deceased, Christof Zilly, was, at the time of the accident complained of herein, exercising reasonable care, prudence and caution for his own safety, and there being no evidence in this case that he was at the time and immediately before the time of the injury com-

plained of, exercising reasonable care and prudence, your verdict must, therefore, be for the defendant."

The judgment is therefore affirmed.

*Judgment affirmed.*